UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TOWNE MORTGAGE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:13-cv-01796-SEB-MJD |
| | ) | |
| DEBBIE SUNSHINE, | ) | |
| SUNLAND APPRAISAL SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANT'S MOTION FOR LEAVE
TO FILE THIRD PARTY COMPLAINT**

This matter comes before the Court on Defendant Sunland's Motion for Leave to File a Third Party Complaint. [Dkt. 39.] For the reasons set forth below, the Court finds that the motion should be **DENIED.**

### I.    Background

On November 11, 2013, Towne Mortgage Company ("Plaintiff") sued Debbie Sunshine ("Sunshine") and Sunland Appraisal Services ("Sunland") (collectively "Defendants"), alleging that Defendants had materially misrepresented the value of property that had been used to secure a loan assigned to Plaintiff. [Dkt. 1.] Approximately one month later, Sunland requested that its two insurers—General Star National Insurance Company ("General Star") and Navigators Insurance Company ("Navigators")—defend the lawsuit and pay any resulting claims. [Dkt. 40 ¶ 14.] Both General Star and Navigators declined to defend the lawsuit, [*id.* ¶ 17], and the case proceeded without any involvement on the part of either company.

The parties ultimately settled the case, and on June 13, 2014, the Court entered judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $85,365.28. [Dkt. 38.] The judgment further provided that it would not be enforced, except to the extent that Defendants received any proceeds pursuant to any real estate appraisal insurance policies to which Defendants had been or were parties, including any such policies that had been executed between Defendants, General Star, and Navigators. [*Id.*]

On May 1, 2015, Defendant Sunland filed the currently pending Motion for Leave to File a Third Party Complaint. [Dkt. 39.] Sunland asserts that its efforts to obtain coverage from General Star and Navigators proved unsuccessful, and it claims that General Star and Navigators breached their contractual obligations to provide such coverage. [*See id.*; *see also* Dkt. 40 ¶ 23 (Proposed Third Party Complaint).] Sunland also asserts that General Star and Navigators breached their duty of good faith and faith dealing, engaged in a deceptive consumer practice, and engaged in "deception," as that offense is defined in the Indiana Code. [Dkt. 40 ¶¶ 26-31.]

## II.     Discussion

A defendant such as Sunland "may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Where, as here, the defendant has waited more than fourteen days since the filing of its answer, the defendant "must, by motion, obtain the court's leave." *Id.* The Court has substantial discretion in deciding whether to grant such leave. *Highlands Ins. Co. v. Lewis Rail Serv. Co.*, 10 F.3d 1247, 1251 (7th Cir. 1993). In doing so, the Court should consider the timeliness of the motion and any reasons offered for the movant's delay, *id.*, as well as factors such as procedural economy and the potential for unfair prejudice to the non-movant. *Marseilles Hydro Power, LLC v. Marseilles Land & Water Co.*, 299 F.3d 643, 650 (7th Cir. 2002).

Motions for leave to file third party complaints after pleadings have closed are typically granted when the prospective third party plaintiff provides a substantial reason for the motion's delay, the granting of such motion would cause no more than minimal prejudice to the other parties, and the granting of such motion would not substantially hamper the proceedings. *See, e.g., Ruderman v. Bank of Am.,* 2012 WL 4795705, at *2 (N.D. Ill. Oct. 9, 2012) (leave to file third party complaint granted where motion for leave filed nine months after answer but before discovery deadline, prospective third party plaintiff cited the need for a "thorough investigation" as reason for delay, and original plaintiff would experience only a minimal adverse effect from the granting of leave). *See generally* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1454 (3d. ed.) (motions for leave should be filed "as soon as possible after the filing of pleadings in the suit;" otherwise they will generally be denied, especially when accompanied by prejudice to the parties, delay of the trial, or deficient explanation for delay).

Conversely, motions for leave to file a third party complaint are typically denied when filed during the late stages of a trial or when they would unnecessarily complicate and burden litigation. In *Conservancy v. Wilder Corp. of Delaware*, for instance, the court denied the motion at issue because it was filed one month after summary judgment was entered; because it was filed without any explanation for the delay; and because granting the motion would have "unnecessarily complicate[d] and delay[ed] the resolution of proceedings that ha[d] essentially been resolved but for the entry of the final judgment document." 2009 WL 2050985, at *2-3 (C.D. Ill. July 10, 2009). Other courts have considered similar situations and have come to the same conclusion. *See, e.g., Cent. States, Se. & Sw. Areas Pension Fund v. Gopher News Co.,* 542 F.Supp. 2d 823, 827 (N.D. Ill. 2008) (leave denied when motion was filed after eight months of

settlement talks and three additional months of unexplained delay); *Milano v. U.S.,* 92 F.Supp. 2d 769, 777-78 (N.D. Ill. 2000) (leave denied when motion was filed three years after answer filed because impleading third party would unduly prejudice original plaintiff and hamper proceedings).

Here, Defendant Sunland's motion for leave is patently untimely. It was filed nearly eleven months after judgment was entered in this case, and a full fourteen months after Defendants filed their answer. [Dkts. 17, 38 & 39.] Sunland offers no explanation for this flagrant delay in filing its motion for leave to file a third party complaint, and merely cites to judicial efficiency and the purported benefit to the original parties as reasons for granting leave to file a third party complaint. [Dkt. 39 ¶¶ 8-9.] Just as in *Conservancy*, however, the motion for leave at bar is "blatantly untimely," and impleading a third party *after final judgment* without any reasonable explanation would tremendously and unnecessarily complicate the proceedings. In addition, granting the motion would not simply delay resolution of these proceedings; instead, it would disrupt the resolution of the case that the parties and this Court have *already reached*. [*See* Dkt. 38 (final judgment).] For these reasons, the factors outlined above, *see Highlands*, 10 F.3d at 1251, indicate that the Court may appropriately **DENY** Sunland's motion.

### III.   Conclusion

In light of the foregoing, the Court **DENIES** Defendant Sunland's Motion for Leave to File a Third Party Complaint, [Dkt. 39].

Date:  06/29/2015

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Jonathan Tappan
JONATHAN W. TAPPAN, PLLC
tappanj@comcast.net

Richard A. Cook
YOSHA COOK SHARTZER & TISCH
rcook@yoshalaw.com